DOWNEY, Chief Judge.
Appellant seeks to reverse an adverse judgment arising out of a personal injury case on the grounds that appellees’ counsel indulged in improper argument and interrogation of a witness during the course of the trial. We affirm.
Appellee, Clarence Oren Means, was injured in an intersectional accident when a City of Belle Glade garbage truck ran a red light and collided with Means' auto. During the trial, while cross-examining the in *1111 vestigating officer, appellees’ counsel, with the officer’s accident report in hand, engaged in the following colloquy with the witness:
Q: “You have the truck going 40, 45 miles an hour. Would that have been over the speed limit?
A: I don’t know.”
Thereupon, counsel for appellant objected and the court instructed the jury to disregard the question and answer, but refused to grant a mistrial.
.Later, during closing argument, appel-lees’ counsel státed to the jury:
“I still go back to Dr. Baker as understanding the man best. And I want you to figure out when you decide, well, why hire him if he is going to be lifting things for me or if he is going to be grappling shoplifters and he has a heart attack, what about my workmen’s compensation? Am I going to hire a man who has blood pressure over 200 and has a bad back?”
Appellant’s objection was sustained; the court instructed the jury to disregard the statement and once again a motion for mistrial was denied.
On appeal, appellant contends the failure to grant a mistrial on the occasions of the foregoing alleged improprieties was reversible error.
The trial judge had two distinct opportunities to rule on these questions and twice he declined to grant a mistrial. We think the objection to the question asked of the officer was properly sustained and that a mistrial was not indicated. As regards the particular argument alluded to, it would only be improper if it was a golden rule argument. However, we do not interpret it as such. Granted the statement is awkwardly phrased, but based upon Dr. Baker’s testimony, it could reasonably be construed to mean that someone suffering from a bad back or heart condition would experience serious difficulty in securing employment. Thus, we don’t see this statement as being objectionable, but in any event, it is certainly not sufficient upon which to ground a mistrial.
For the foregoing reasons, we affirm the judgment appealed from.
MOORE, J., and JAMES C. DAUKSCH, Jr., Associate Judge, concur.